UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

RANDALL PAUL BUFORD,                                                    Plaintiff,

v.                                              Civil Action No. 3:18-cv-P25-DJH

MARK BOLTON,                                                    Defendant.

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Randall Paul Buford filed the instant *pro se* complaint under 42 U.S.C. § 1983. This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss some of Plaintiff's claims and allow some of his claims to proceed.

**I.**

Plaintiff is an inmate at the Louisville Metro Department of Corrections (LMDC). He sues LMDC Director Mark Bolton in his individual and official capacities.

In his first claim, Plaintiff states that his "right to freedom of religion was violated by not allowing me to practice the dietary guidelines set forth in Judeism." He maintains that this began when he arrived at LMDC and continues to the present. He reports that he converted to Judaism in 2011 and that Judaism calls for a kosher diet. Plaintiff states, "LMDC offers a Kosher diet, and per the handbook states 'Special diets will be provided for inmates whose religous beliefs require the adherence to religous dietary law when approved by the LMDC Chaplain. The Chaplain will verify and confirm the religous diet needs.'" Plaintiff asserts that upon arrival at LMDC he listed his religion as Judaism and that it is "noted in my medical records w/ a copy

sent to the Chaplain." He states, "The defendant violated my rights by not ensuring that his staff allowed me the freedom to practice my religion as my religion calls for."

In his second claim, Plaintiff also asserts that his "right to redress of grievances and due process have been violated by my attempts to correct the injustices going on through the inmate grievance procedure." Plaintiff states that he has written three unanswered formal grievances and "an abundance" of informal grievances. He states, "The defendant violated my rights by not enforcing and overseeing his staff were doing their job properly."

Further, in his third claim, Plaintiff maintains that his right to be free from cruel and unusual punishment has been violated "by the many meals I've had to go without because I was refused the opportunity to eat b/c what I was being given was not adequate or within the guidelines set forth by the dietician." He continues, "Because of the fight being put up by LMDC regarding my Kosher [diet] I was placed on a vegetarian diet by medical as it is the closest to Kosher possible." Plaintiff reports that he has been told "to eat it or do without." He states, "There was times everything was mixed together like slop. Proteins taken off the tray with no replacement." Plaintiff concludes, "The defendant violated my rights by not ensuring his staff handle this and fix this. The defendant's actions has led to me being inhumanely treated and all of these are interrelated."

As relief, Plaintiff seeks compensatory damages and injunctive relief.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

3

To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### A. Denial of religious freedom

Plaintiff alleges that Defendant Bolton has violated his right to freedom of religion by denying him kosher meals. Construing the complaint liberally, as the Court is required to do at this stage, the Court will allow Plaintiff's 42 U.S.C. § 1983 First Amendment and Religious Land Use and Institutionalized Persons Act (RLUIPA) claims to proceed against Defendant in his individual and official capacities. In so doing, the Court passes no judgment on their merit or ultimate outcome.

#### B. Denial of due process

Plaintiff also asserts that Defendant violated his right to due process by denying his "attempts to correct the injustices going on through the inmate grievance procedures." However, there is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's

4

claim is against the subjects of his or her grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation.").

Therefore, Plaintiff's claim against Defendant based on the denial of his grievances will be dismissed for failure to state a claim upon which relief may be granted.

### C. Cruel and unusual punishment

Plaintiff further claims that the denial of a kosher diet violated the Cruel and Unusual Punishments Clause.[1] The Eighth Amendment prohibits, among other things, "deprivations of essential food, medical care, or sanitation." *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981). The law is clear that state officials are required to provide prisoners "adequate food." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). More specifically, the Eighth Amendment requires that inmates be provided well-balanced, nutritious meals sufficient to preserve health. *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986). In general, complaints about the preparation or

---

[1] Plaintiff does not indicate in the complaint form whether he is a pretrial detainee or a convicted inmate. "[S]tate pretrial detainees are shielded from cruel and unusual punishments by the Fourteenth Amendment's Due Process Clause," while convicted inmates are protected by the Eighth Amendment's Cruel and Unusual Punishments Clause. *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006) (footnote and citations omitted). For the purposes of initial review, however, this is largely a distinction without a difference because the Due Process Clause of the Fourteenth Amendment provides pretrial detainees with rights analogous to those under the Eighth Amendment, and the same analysis applies to both. *See Watkins v. City of Battle Creek*, 273 F.3d 682, 685 (6th Cir. 2001).

quality of prison food are "far removed from Eighth Amendment concerns." *Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977). Moreover, "[i]f the prisoner's diet . . . is sufficient to sustain the prisoner in good health, no constitutional right has been violated." *Alexander v. Carrick*, 31 F. App'x 176, 179 (6th Cir. 2002).

In a similar case from a sister district, the plaintiff alleged that the defendants violated the Eighth Amendment by serving him regular meals instead of kosher meals for several weeks. *Mobley v. Smith*, No. 4:05-cv-153, 2007 U.S. Dist. LEXIS 40229, at *3-4 (W.D. Mich. June 4, 2007). The court concluded that such allegations failed to establish an Eighth Amendment claim because the plaintiff was not denied food. The Court found as follows:

> [P]laintiff's complaint does not allege that he was denied food, or . . . even that he was denied wholesome or nutritionally adequate food. Instead, plaintiff alleges that he ate only fruits and vegetables solely because of his religious preference for a kosher diet. Although such an allegation might state a claim for violation of the First Amendment's free exercise clause, an allegation that a prisoner has elected not to consume the "whole meals" provided by the prison - solely and because of his religious preference - does not state a claim for violation of the Eighth Amendment.

*Id.* at *16-17.

Here, while Plaintiff complains of missed meals, meals where "everything was mixed together like slop[,]" and meals lacking protein, he does not assert that he was denied adequate nutrition to maintain his health or that he has lost weight or suffered any other adverse physical effects. "Absent contentions such as these, there is nothing factual from which the Court can reasonably infer that the food plaintiff is being served falls below the constitutional nutritional floor . . . [and therefore] fail to state a § 1983 claim." *Montague v. Schofield*, No. 2:14-cv-292, 2015 U.S. Dist. LEXIS 53208, at *33-34 (E.D. Tenn. Apr. 22, 2015); *see also Turner v. Welkal*, No. 3:12-cv-0915, 2014 U.S. Dist. LEXIS 12659, *27-28 (M.D. Tenn. Jan. 31, 2014) ("The

6

court concludes that the plaintiff's factual allegations concerning missed meals and being served food that did not comport with his religious convictions, construed as true, fail to establish a violation of the plaintiff's Eighth Amendment rights."). The Court finds Plaintiff's allegations concern complaints about the quality of the food served to him. The allegations are not sufficient to establish that the food was nutritionally inadequate so as to rise to a violation of the Cruel and Unusual Punishments Clause. Accordingly, the claim will be dismissed for failure to state a claim upon which relief may be granted.

## IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims alleging denial of due process and cruel and unusual punishment are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Order Directing Service and Scheduling Order governing the claims that have been permitted to proceed.

Date: June 28, 2018

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendant
    Jefferson County Attorney
4415.010